[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Thomas Whitley appeals from the trial court's adjudication of him as a sexual predator after a classification hearing in May 2002. In 1996, Whitley had been convicted after pleading guilty to two counts of rape in violation of R.C. 2907.02(A)(1) and sentenced of record. Whitley was ordered to serve ten to twenty-five years on each count, to be served concurrently.
{¶ 3} A sexual-predator adjudication is remedial in nature.[1]
Before Whitley could be adjudicated a sexual predator, the state was required to prove by clear and convincing evidence that Whitley had pleaded guilty to, or had been found guilty of, a sexually-oriented offense, and that he was likely to engage in the future in one or more sexually-oriented offenses.[2] Clear and convincing evidence is that measure of proof that produces a firm belief as to the allegations sought to be established.[3]
{¶ 4} Here, Whitley had been convicted of rape, a sexually-oriented offense.[4] Thus, the issue for the trial court to determine was whether Whitely was likely to commit another sexually-oriented offense in the future.
{¶ 5} The Ohio Supreme Court has laid out the standards for a trial court to follow when conducting a sexual-offender-classification hearing.[5] First, the court should provide a record that relates to the issue of whether the offender is likely to recidivate; second, the court should allow the presentation of appropriate expert opinion; and third, the court should consider the ten factors listed in R.C.2950.09(B)(3).[6]
{¶ 6} The trial court satisfied these requirements in this case. The court noted that the victim was nine years old, and that she had suffered injury to her anal area. The court noted that, while being incarcerated for the two underlying rape charges, Whitley had admitted that he had also had sexual intercourse with his four- or five-year-old sister when he was twelve. Whitley admitted that the intercourse with his sister had lasted for about four years. The court also noted that, while incarcerated, Whitley had been twice placed under disciplinary control. The court considered the psychologist's opinion, which left the judgment of whether Whitley should be classified as a sexual predator to the trial court. Finally, the court considered the facts that Whitley may have had an undiagnosed learning disability, had "borderline intelligence," suffered from substance abuse, and had impulsive sexual tendencies and poor judgment. The record supports these findings.
{¶ 7} While Whitley had received several certificates for programs and achievements in victim awareness, stress management, violence management, black male addiction, and he had also completed a level-one sex-offender treatment group, the evidence in the record was sufficient to produce a firm belief or conviction that Whitley was likely to commit another sexual offense. Consequently, clear and convincing evidence supported the trial court's judgment that Whitley is a sexual predator. We, therefore, overrule his assignment of error.
{¶ 8} The judgment of the trial court is affirmed.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Painter and Winkler, JJ.
[1] See State v. Cook, 83 Ohio St.3d 404, 417, 1998-Ohio-291,700 N.E.2d 570.
[2] See R.C. 2950.01(E)(1) and 2950.09(B)(4).
[3] See State v. Hunter (2001), 144 Ohio App.3d 116, 121, 759 N.E.2d 809.
[4] See R.C. 2950.01(D)(1)(a).
[5] See State v Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247,743 N.E.2d 881.
[6] See id. at 166; State v. Hunter, supra at 122-123. As a result of the legislature's amendment of R.C. 2950.09(B)(2), as discussed in Statev. Eppinger and State v. Hunter, are currently found in R.C. 2950.09(B)(3). The current version of the statute provides no material changes relevant to this case.